IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF THE WEST, a California Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>GAIL WORTHEN, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 03-1517 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TAX COSTS** |

    Defendant Gail Worthen has filed a motion to tax costs, which is scheduled for a hearing on April 7, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

    On February 26, 2008, plaintiff/judgment creditor Bank of the West filed a "Memorandum of Costs After Judgment" stating that plaintiff claimed a total of $19,439.49 in post judgment costs. (Docket No. 34). The Memorandum of Costs was filed pursuant to Cal. Code Civ. Proc. § 685.070, which provides that a judgment creditor may claim certain costs related to enforcing a judgment provided the costs are sought not later than two years after they were incurred. That section also provides that a judgment debtor may, within 10 days of the filing of the Memorandum of Costs, object to the costs memorandum by filing a "motion to tax costs." Cal. Code Civ. Proc. § 685.070(c)-(d).

1    Defendant's motion to tax costs contends that at least some of plaintiff's claimed costs should
2 be disallowed because they were incurred more than two years ago. Plaintiff acknowledges in its
3 opposition that some of its costs were incurred more than two years ago and should be disallowed; thus,
4 plaintiff states, it is *not* seeking $19,439.49, but some lesser amount. However, it is unclear from
5 plaintiff's papers and supporting declaration exactly how much plaintiff is seeking, and if plaintiff has
6 submitted documentation of all the claimed costs.

7    In the Court's view, the parties should be able to resolve this dispute since they agree that certain
8 types of costs incurred within the last two years are recoverable, and it appears to be a simple matter of
9 meeting and conferring and reviewing documentation of costs. However, if the parties are unable to
10 resolve this matter, the Court directs plaintiff to file a revised Memorandum of Costs with supporting
11 documentation no later than **April 14, 2008**. If defendant wishes to file a motion to tax costs based upon
12 the revised Memorandum of Costs, defendant may do so. The Court will then take the matter under
13 submission. The Court DENIES defendant's motion to tax costs without prejudice to renewal as stated
14 in this order.

**IT IS SO ORDERED.**

Dated: April 4, 2008

SUSAN ILLSTON
United States District Judge

2